IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ANDREA P. BAUMAN, Trustee for
the estate of MARKA FINN, and
MARKA FINN,
an individual,

        Plaintiffs,

v.

Case No.: 16-002493-CO

CREDIT CONTROL SERVICES, INC.,
d/b/a CREDIT COLLECTION SERVICES, INC.,
a foreign for-profit corporation, and
GTE FEDERAL CREDIT UNION,
d/b/a GTE FINANCIAL,
a federal credit union,

        Defendants.
_____/

## COMPLAINT

**COME NOW**, Plaintiffs, ANDREA P. BAUMAN (hereinafter, "Trustee"), Trustee for the Estate of MARKA FINN and MARKA FINN (hereinafter, "Debtor") (hereinafter collectively, "Plaintiffs") by and through the undersigned counsel, and hereby sue Defendants, CREDIT CONTROL SERVICES, INC., d/b/a CREDIT COLLECTION SERVICES, INC. (hereinafter, "CCS"), and GTE FEDERAL CREDIT UNION, d/b/a GTE FINANCIAL (hereinafter, "GTE") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs state:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA").

1

## JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 as well as 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of Defendant, complained of below, occurrs in Pinellas County, Florida.

4. At all material times herein, Debtor is an individual residing in Pinellas County, Florida.

5. At all material times herein, Defendant CCS is a foreign for-profit corporation, existing under the laws of the state of Delaware, that, itself and through its subsidiaries, regularly collects debts due, or asserted to be due or owed, to another from consumers in Pinellas County, Florida.

6. At all material times herein, Defendant GTE is a federal credit union with its principal place of business at 711 E. Henderson Ave, Tampa, FL 33602, that, itself and through its subsidiaries, regularly extends consumer credit services to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all material times herein, Defendant CCS is a "debt collector" as defined by Florida Statutes, Section 559.55(7) and 15 United States Code, Section 1692a(6).

8. At all material times herein, Defendant GTE is a "creditor" as defined by Florida Statutes, Section 559.55(5).

9. At all material times herein, Debtor is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

10. Defendant CCS uses interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another. Defendant CCS is also an entity that regularly collects or attempts to, directly or indirectly, collect debts owed or due, or asserted to be owed or due, to another from consumers in Pinellas County, Florida.

11. At all material times herein, each Defendant attempts to collect a debt, including but not limited to, a balance allegedly due on a consumer GTE credit card, referenced by CCS file number ending -4775 (hereinafter, "Debt").

12. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

13. Defendant CCS received the Debt for collection—and at all material times herein collected the Debt—after the Debt was in default.

14. At all material times herein, each Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

16. At all material times herein, each Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17. All necessary conditions precedent to the filing of this action occurred or were waived by Defendants.

## FACTUAL ALLEGATIONS

18. Prior to 2007, Debtor opened a consumer credit card account with GTE.

19. Said consumer credit card account was opened pursuant to a contract between Debtor and GTE.

20. Prior to 2007, Debtor became delinquent on said credit card account, giving rise to the Debt.

21. Upon information and belief, the last transaction on the account occurred prior to 2006, after which Debtor did not make a payment on the Debt.

22. The statute of limitations in Florida on a debt resulting from a "contract, obligation, or liability founded on a written instrument," such as the Debt, is five years from the last transaction on the debt. *See* Florida Statutes, Section 95.11(2)(b).

23. Accordingly, the Debt became unenforceable in state and federal court no later than 2011.

24. On or before May 28, 2015, GTE assigned the Debt to CCS for collection, servicing, or both.

25. On or about May 28, 2015, CCS sent Debtor a collection letter on GTE's behalf—and with GTE's consent, knowledge, and approval—in an attempt to collect the Debt (hereinafter, "Collection Letter"). Please see attached a true and correct copy of said collection letter labeled as Exhibit "A."

26. The Collection Letter fails to advise Debtor that due to the age of the Debt, CCS and GTE could not sue Debtor to collect the Debt.

27. In the Collection Letter, CCS states "[GTE] may list your delinquent payment obligation with a Credit Bureau(s)" and "[a]dverse credit information can be kept on-file for up to seven (7) years from the date of delinquency[.]" See Exhibit "A."

28. The Collection Letter further states that Debtor should "respond to this notice and/or contact this office for personal assistance." See Exhibit "A".

29. The Collection Letter fails to advise Debtor that since more than seven (7) years passed since the last transaction on the Debt, GTE can no longer report the Debt to any credit bureaus. Furthermore, the Collection Letter fails to advise Debtor that making a payment on the Debt would revive the statute of limitations associated with the Debt.

30. On or about August 21, 2015, Debtor retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") with respect to her debts generally, including the Debt.

31. On or about March 31, 2016, Plaintiffs filed with the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to employ Undersigned Counsel as special counsel to pursue the above allegations on behalf of Debtor's bankruptcy estate.

32. On or about April 1, 2016, United States Bankruptcy Judge K. Rodney May signed, and the Clerk of Court entered, an Order Appointing Special Counsel. Please see attached a true and correct copy of the Order Labeled as Exhibit "B."

33. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against each Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

34. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory

damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against each Defendant.

35. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against each Defendant.

36. As of the date of this complaint, each Defendant did not initiate a lawsuit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt was obtained by, or transferred to, either Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiffs re-allege paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

37. Defendants are each subject to, and each violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

38. Specifically, Defendants each attempted to collect the Debt from Debtor after the expiration of the Debt's statute of limitations.

39. CCS sent Debtor the Collection Letter, on GTE's behalf—and with GTE's consent, knowledge, and approval—attempting to collect the Debt, which lacked any notification to Debtor that the Debt was time-barred, and that CCS and GTE could not sue Debtor to collect the time-barred Debt.

40. Additionally, the Collection Letter does not contain any notification to Debtor that making a payment on the time-barred Debt would revive the time-barred Debt and its associated

statute of limitations.

41. The above-referenced attempt to collect the Debt by CCS constitutes an indirect attempt by GTE to collect the Debt.

42. Defendants' demand for payment—without the above-mentioned notifications—falsely represented the legal status and character of the time-barred Debt.

43. Specifically, CCS's statement that GTE could report the time-barred Debt to any credit bureau when the last transaction on the Debt occurred prior to the seven (7) year time limit falsely implies that a legally enforceable obligation to pay the time-barred Debt exists.

44. Further, Defendants—when judged under the least-sophisticated consumer standard—cannot attempt to collect a time-barred debt without advising that the debt is in fact time-barred and will not be sued upon.

45. Defendants' failure to advise of the time-barred nature of the Debt creates a misleading impression that the consumer has no defense to a lawsuit, which Defendants—as sophisticated, experienced, creditors and debt collectors—know is prohibited by the FDCPA.

46. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a debt collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that: (1) the collector cannot sue to collect the debt; and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *See* Fed. Trade Comm'n, *The Structure and Practice of the Debt Buying Industry*, 47 (2013) (FTC Report 2013).

47. "The proposition that a debt collector violates the FDCPA when it misleads a [least-sophisticated] consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute . . . Whether a debt is legally

enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). Here, Defendants knew the Debt is time barred and their attempt to collect via the Collection Letter is a violation of the FDCPA.

48. Additionally, Defendants falsely asserted the right to report the Debt to any credit bureau when delinquency occurred over seven (7) years ago.

49. In summation, Defendants each attempt to collect a Debt by consciously and knowingly giving the impression to Debtor that the Debt is legally enforceable when Defendants each know it is not, and therefore each Defendant violated the provisions of Florida Statutes, Section 559.72(9).

50. As a direct and proximate result of each Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e, e(2)(A), and e(10)

Plaintiffs re-allege paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

51. Defendant CCS is subject to, and violated the provisions of, 15 United States Code, Section 1692e(2)(A) by using false representation and deceptive means in attempting to collect a Debt, including by falsely representing the amount, legal status or character of the Debt.

52. Specifically, CCS attempted to collect the Debt from Debtor well after the expiration of the statute of limitations.

53. CCS sent Debtor the Collection Letter attempting to collect the Debt which lacked any notification or disclaimer to Debtor that the Debt was time-barred, and that CCS or GTE could

not sue Debtor to collect the time-barred Debt.

54. Additionally, absent from the Collection Letter is any notification or disclaimer to Debtor that making a payment on the time-barred Debt would revive the time-barred Debt and its associated statute of limitations.

55. Defendants' demand for payment—without the above-mentioned notifications or disclaimers —falsely represented the legal status and character of the time-barred Debt.

56. Further, CCS's statement that GTE could report the time-barred Debt to any credit bureau when the delinquency occurred prior to the seven (7) year time limit in CCS's notice falsely implies that a legally enforceable obligation to pay the time-barred Debt existed.

57. Moreover, judged under the least-sophisticated consumer standard, Defendant cannot attempt to collect a time-barred debt without advising that the debt is in fact time-barred and will not be sued upon. Failure to do so creates a misleading impression that the consumer has no defense to a lawsuit, which Defendant, as a sophisticated, experienced debt collector, knows is prohibited by the FDCPA.

58. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a debt collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that: (1) the collector cannot sue to collect the debt; and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *See* Fed. Trade Comm'n, *The Structure and Practice of the Debt Buying Industry*, 47 (2013) (FTC Report 2013).

59. "The proposition that a debt collector violates the FDCPA when it misleads a [least-sophisticated] consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute . . . Whether a debt is legally

enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). Here, Defendants knew the Debt is time barred and their attempt to collect via the Collection Letter, as drafted, is a violation of the FDCPA.

60. In summation, CCS attempted to collect a Debt by consciously and knowingly giving the impression to Debtor that the Debt is legally enforceable when CCS knows it is not, and therefore CCS has violated the provisions of 15 United States Code, Sections 1692e, e(2)(A), and e(10).

61. As a direct and proximate result of CCS's actions, Plaintiffs sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692f and f(1)

Plaintiffs re-allege paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

62. CCS is subject to, and violated the provisions of, 15 United States Code, Section 1692f(1) by using unfair or unconscionable means to collect or attempt to collect the Debt by collecting amounts including interest, fee, charge, or expense incidental to the principal obligation, where such amount is not expressly authorized by the agreement creating the Debt or permitted by law.

63. Specifically, CCS attempted to collect the Debt despite knowing that the statute of limitations had expired.

64. Accordingly, CCS is not permitted by law to collect any amount on the Debt from Debtor unless Debtor acknowledges the Debt by voluntarily making a payment on the Debt.

65. The Collection Letter, however, attempts to induce Debtor into making a payment on the Debt without notifying Debtor that doing so will revive the Debt and its associated statute of limitations, permitting Defendants to sue Debtor to enforce the entire balance of the Debt.

66. CCS attempts to collect an amount on the Debt not permitted by law, and as such violated the provisions of 15 United States Code, Sections 1692f and f(1).

67. As a direct and approximate result of CCS's actions, Plaintiffs sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully requests an entry of:

a) Judgment against Defendant CCS and Defendant GTE awarding maximum statutory damages under the FCCPA for violations committed by Defendants;

b) Judgment against Defendant CCS awarding maximum statutory damages under the FDCPA for violations committed by Defendant CCS;

c) Judgment against Defendant for actual damages sustained in an amount to be determined at trial;

d) An award of attorney's fees and costs; and

e) Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiffs*